UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| APFA, INC. | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) Case No. 3:20-cv-05007 ) ) |
| UATP MANAGEMENT, LLC, | ) ) |
| Defendant. | ) |

**PLAINTIFF APFA, INC.'S MOTION FOR
INJUNCTIVE RELIEF AGAINST
DEFENDANT UATP MANAGEMENT, LLC
PURSUANT TO *FED. R. CIV. P.* 65**

Plaintiff APFA, Inc., ("APFA" or "Plaintiff") hereby moves this Court pursuant to *Fed. R. Civ. P.* 65 to enjoin Defendant UATP Management, LLC ("UATP" or "Defendant") from seeking to enforce the unconscionable arbitration provisions contained in its unlawfully-obtained amendments to some – but not all – of APFA's members' franchise agreements.

As set forth more fully in the Complaint filed in this action [Dkt. No. 1], in April 2019 Defendant initiated a "Membership Program[1]" through which UATP

---

[1] Briefly, customers were encouraged to purchase a membership permitting them additional access to franchisee's facilities for a lump sum.

collected all revenues from the memberships sold by franchisees and was responsible for distributing those revenues to the individual franchisees. However, the fees associated with this Membership Program were not authorized by the franchisees existing franchise agreements and, critically, were never disclosed to franchisees via a franchise disclosure document or uniform offering circular, as required by 16 C.F.R. § 436 (the "FTC Franchise Rule").

Defendant's money grab was, in actuality, a systemic violation of its franchisees' rights under their respective franchise agreements. Recognizing its new program violated its franchisees rights, UATP attempted to back-fill the hole it dug for itself by attempting to coerce franchisees into executing an "Amendment to Franchise Agreement (Membership Program)"[2] ("the Purported Amendment") under false pretenses and via fraud and outright trickery. Specifically, Urban Air intentionally misrepresented to franchisees the Purported Amendment solely related to the implementation of the Membership Program and was immediately necessary in order for the franchisee to receive payment of Membership Revenues collected by Urban Air. However, the Purported Amendment goes well beyond what Defendant represented, as it substantially alters and modifies the existing franchise agreements in several material respects.

Critically, the Purported Amendment contains an arbitration provision which

---

[2] See Compl., Ex. C

was not only procured through fraud, but also obtained without valid consideration. Despite the fact that not all franchisees in the Urban Air franchise system executed the Purported Amendment, and not all franchisee members of APFA have executed the Purported Amendment – and are therefore not obligated to abide by the fraudulently-obtained arbitration agreement, Defendant has notified APFA it is seeking to enforce the arbitration agreement against APFA members who have signed the Purported Amendment.  This action violates APFA's rights and the rights of the members it represents and, critically, would wrongfully deprive the Plaintiff (on behalf of its members) an opportunity to be heard in this Court.

In short, UATP's Purported Amendment is nothing more than an end-run around its legal obligations to franchisees and, by extension, APFA as a matter of contract.  Defendant realized it did not reserve rights to itself when it contracted with its franchisees and built its franchise system, rights it now deems critical.  Defendant, knowing it cannot ask this Court to draft it a better contract than the one it wrote for itself, has unconscionably changed the playing field entirely, stolen critical rights from its franchisees, and the APFA now stands in its way.

By this Motion, APFA respectfully requests this Court enter an Order: (1) declaring this Court has the right and authority to determine the arbitrability of the APFA's claims; (2) declaring the arbitration agreement null and void for want of consideration; and (3) enjoining Defendant from seeking to enforce the arbitration

agreement against any of APFA's members.

Plaintiff is likely to prevail upon the merits of its claims because a contract without consideration cannot be upheld and, critically, neither may an agreement procured via fraud.  Moreover, if Defendant is permitted to enforce its unlawful arbitration agreement, the APFA's members will be irreparably deprived of their right to rely upon the APFA to advocate on their behalf and as a group – a right they are entitled to under the franchise agreements they executed.  As the Court will see, the balance of hardships weighs decisively in Plaintiff's favor and the public interest would be advanced by the issuance of the requested injunction.

In support of its Motion, Plaintiff relies on the accompanying Memorandum of Law, Affidavit of Andrew P. Bleiman, and the Exhibit appended thereto.

Date: June 16, 2020                                         Respectfully submitted,

**MARKS & KLEIN, LLP**

/s/ Brent Davis
Justin M. Klein
Brent M. Davis
63 Riverside Avenue
Red Bank, NJ 07701
Telephone: (732) 747-7100
Facsimile: (732) 219-0625
justin@marksklein.com
brent@marksklein.com

Andrew P. Bleiman
*Pro Hac Vice Application Pending*
andrew@marksklein.com

*Attorneys for Plaintiff APFA, Inc.*