UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| APFA, INC., <br><br> Plaintiff, <br><br> v. <br><br> UATP MANAGEMENT, LLC, <br><br> Defendant. | HONORABLE MICHAEL A. SHIPP <br> Civil Action No. 3:20-CV-05007 <br><br> (Document Electronically Filed) |

**DECLARATION OF STEPHEN POLOZOLA IN SUPPORT
OF UATP'S MOTION TO DISMISS**

I, Stephen Polozola, declare as follows:

1. I am the General Counsel and Executive Vice President of UATP Management, LLC ("UATP"). I have held those positions since June of 2017. As General Counsel and Executive Vice President, I oversee all legal functions for UATP, as well as franchise development, operational issues, negotiation of vendor agreements, risk management, insurance and other matters. This Declaration is based on my personal knowledge and my review of UATP's business records. If called as a witness, I could and would competently testify to the facts set forth herein.

2. UATP is a franchisor of indoor adventure parks operated under the trademark Urban Air. UATP sold its first Urban Air franchise in 2015.

3. Prior to the outbreak of the COVID pandemic in March 2019, there were 131 franchised Urban Air locations operating in 34 states in the United States. Approximately 67 additional franchisees have signed franchise agreements committing to open Urban Air franchises at locations throughout the United States.

4. The franchise relationship between UATP and each of its franchisees is governed

by a written franchise agreement.

    5.    Since 2015 when UATP sold its first franchise, all of the franchise agreements between UATP and its franchisees have contained a forum selection clause which requires that franchisees bring their claims in court in Texas (except to the extent an arbitration clause applies):

    a.    The 2015 form of franchise agreement provides, in relevant part, that "Any dispute arising under or in connection with this Agreement and any claim affecting its validity, construction, effect, performance, or termination shall be resolved exclusively by the federal or state court located in Tarrant County, Texas, to the jurisdiction of which the parties hereby irrevocably submit…" (Section 23.B.)  A true and correct copy of the 2015 form of Franchise Agreement is attached to this Declaration as Exhibit A.

    b.    The 2016 and 2017 forms of franchise agreement provide, in relevant part, that "any dispute arising under or in connection with this agreement and any claim affecting its validity, construction, effect performance or termination shall be resolved exclusively by the state district courts located in Tarrant County, Texas, to the jurisdiction of which the parties hereby irrevocably submit."  APFA attached the 2016 and 2017 forms of franchise agreement to its Complaint.  The forum selection clause appears in Section 23.B. (Dkt. 1 at PageID 156 and 322).

    c.    The 2018 form of franchise agreement provides, in relevant part, that "Any litigation arising out of or related to this Agreement, the offer and sale of the URBAN AIR franchise opportunity, or any other dispute between the parties shall be brought and maintained exclusively in a federal or state court serving the

        judicial district in which Franchisor's principal headquarters are located at the time litigation is commenced." A true and correct copy of the 2018 form of Franchise Agreement is attached to this Declaration as Exhibit B.

    d.    The 2019 form of franchise agreement provides, in relevant part, that "Without waiving the arbitration clause set forth herein, any litigation arising out of or related to this Agreement, the offer and sale of the Urban Air franchise opportunity, or any other dispute between the parties shall be brought and maintained exclusively in a federal or state court serving the judicial district in which Franchisor's principal headquarters are located at the time litigation is commenced." A true and correct copy of the 2019 form Franchise Agreement is attached to this Declaration as Exhibit C.

6.    The 2019 and 2020 form of the Urban Air franchise agreement include an arbitration agreement, which requires that franchisees' claims be submitted to binding arbitration in Texas, on an individual basis, before the American Arbitration Association ("AAA") under its AAA Commercial Rules. Thirty-six Urban Air franchisees signed the 2019 form of agreement which contains the arbitration agreement.

7.    Since about 2019, the franchisees for approximately 63 locations (that were not on the 2019 form) have signed an Amendment to Franchise Agreement (Membership Program) (the "Membership Amendment") that is similar to the form Membership Amendment that the APFA attached to its Complaint as Exhibit C (Dkt. 1 at PageID 396-400). Section 4.1 of the Membership Amendment amended the dispute resolution provisions in the franchise agreement to require binding arbitration, on an individual basis, in Texas before the AAA under the AAA Commercial Rules. (*See* Dkt 1 at PageID 399).

8. All of the franchise agreements between UATP and its franchisees contain either (1) a forum selection clause that requires that franchisees bring their claims in court in Texas, or (2) an arbitration agreement that requires binding arbitration, on an individual basis, in Texas before the AAA under its Commercial Rules.

9. Some Urban Air franchisees have promissory notes with UATP, while others do not.

10. UATP is a Texas limited liability company. Since at least 2015, UATP's principal headquarters (its principal place of business) has been located in Texas. All of UATP's executives live and work in Texas. UATP maintains its documents either virtually or in paper form in Texas.

11. Hotchkiss Insurance is the mandatory vendor for the sale of general liability and excess insurance about which APFA makes its allegations in paragraph 97-103 of the Complaint. Hotchkiss Insurance is based in Texas.

12. All of the franchise agreements between UATP and its franchisees contain a Texas choice of law provision that is similar to the clause that appears in Section 23.A. of the 2016 and 2017 forms of franchise agreement that the APFA attached to its complaint. (Dkt 1 at PageID 156 and 321).

13. All of the franchise agreements between UATP and its franchisees provide that franchisees must pay UATP "all costs and expenses incurred by [UATP] in enforcing the terms of [the Franchise] Agreement including, without limitation, . . . reasonable attorneys' fees." That clause (or one substantially identical) appears in Section 6.H. of the 2016 form of franchise agreement and Section 6.G. of the 2017 form of franchise agreement that the APFA attached to its complaint. (Dkt 1 at PageID 127 and 293).

14. UATP is a party to a lawsuit in Texas state court entitled *Conway Urban Air, LLC v. UATP Management LLC, Michael O. Browning, Jr., and Alix Wren*, District Court of Tarrant County, Texas Case No. 017-316957-20. A true and correct copy of Plaintiff's Original Petition in that lawsuit is attached to this Declaration as Exhibit D.

15. UATP is a party to a second lawsuit in Texas state court entitled *UATP Management, LLC v. Jerrod Phillips, Urban Air of Benton, LLC, and RDAD Holdings, LLC*, District Court of Tarrant County, Texas Case No. 141-3144720-20. A true and correct copy of Original Answer, Affirmative Defenses, Counterclaim, Third Party Petition and Amended Verified Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction is attached to this Declaration as Exhibit E.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 25th day of June 2020, in Bedford, Texas.

_____
Stephen Polozola